IN THE UNITED STATES BANKRUPTCY COURT
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| IN RE: | § | CASE NO. 10-11408-CAG |
|---|---|---|
| DAVID PATRICK HISSEY | § | |
| | § | CHAPTER 13 BANKRUPTCY |
| | § | |
| DEBTOR | § | |
| _____ | § | _____ |
| | § | |
| DAVID PATRICK HISSEY | § | |
| | § | |
| PLAINTIFF | § | |
| V. | § | ADVERSARY NO. 10-1126 CG |
| | § | |
| JAMES L. DIMON, and/or his | § | |
| Successor, individually, and in his | § | |
| Official capacity as PRES/CEO | § | |
| OF JPMORGAN CHASE BANK, N.A. | § | |
| | § | |
| DEFENDANT | § | |

## **DEFENDANT'S MOTION TO DISMISS COMPLAINT**

COMES NOW, Defendant, James L. Dimon, ("Defendant"), and files this motion to dismiss plaintiff's Replevin *In Detinet* ("Complaint") under Fed. R. Civ. Pro. 12(b)(1) as made applicable to adversary proceedings under Federal Bankruptcy Rule 7012. In support of the motion to dismiss, Defendant would state the following:

### Authority for Relief Requested

1. This adversary proceeding was filed on or about September 24, 2010.

2. Defendant moves that the court dismiss plaintiffs' Replevin *In Detinet* for lack of subject matter jurisdiction under 12(b)(1).

### Summary of Argument

3. This motion is brought in accordance with Federal Rule of Civil Procedure 12(b)(1) as made applicable to adversary proceedings under Bankruptcy rule 7012. Defendant moves that the court dismiss plaintiff's complaint in its entirety for lack of subject matter jurisdiction.

4. Plaintiff's complaint alleges no jurisdictional facts as required under Fed. R. Civ. P. 8, made applicable to adversary proceedings pursuant to bankruptcy rule 7008. Under bankruptcy rule 7008, the allegation of jurisdiction required by Fed. R. Civ. P Rule 8(a) is also required to contain a reference to the name, number, and chapter of the case under the Bankruptcy Code to which the adversary proceeding relates and to the district and division where the main bankruptcy case under the bankruptcy code is pending. Also under bankruptcy rule 7008, in an adversary proceeding before a bankruptcy judge, the complaint must contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge. Plaintiff's Complaint does not comply with the rule. Plaintiff has failed to plead jurisdiction as the court has no jurisdiction to hear this matter. There is no bankruptcy estate, thus no core proceeding under 28 U.S.C. §157.

5. Generally, it is accepted that the closure of a bankruptcy case – a proceeding under the Code – deprives the court of further jurisdiction. "Related to" jurisdiction exists if the

outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. While "related to" jurisdiction is broadly construed, it does not extend to estates which no longer exist due to closure of the bankruptcy case. Since no estate exists, the court has neither jurisdiction over a core proceeding, nor "related to" jurisdiction.

**Background**

6.  On February 24, 2006, plaintiff David P. Hissey ("Hissey") signed a deed of trust with Long Beach Mortgage Company, A Corporation to secure the payment of a promissory note for $404,000.00. Contemporaneously, Hissey executed a second lien security document for the benefit of Long Beach Mortgage Company, A Corporation in order to secure the payment of a promissory note for $101,000.00. The property securing the loan made by Chase to Hissey is located at 901 W. Mary, Austin, Texas 78704 and is more particularly described as follows:

> **LOT ONE (1), BLOCK "N", JAMES E. BOULDIN ADDITION, AN ADDITION IN THE CITY OF AUSTIN, TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 1, PAGE 71, PLAT RECORDS, TRAVIS COUNTY, TEXAS, AND BEING THE SAME PROPERTY CONVEYED TO GUADALUPE G. VASQUEZ AND WIFE MARY AGNES VASQUEZ IN DEED RECORDED IN VOLUME 7374, PAGE 86, DEED RECORDS, TRAVIS COUNTY, TEXAS.**

The security instruments perfecting the liens to secure repayment of the notes were timely and properly recorded in the Travis County deed records.

7.  Hissey defaulted on both of the notes. In fact, Hissey was a "first month" default, never having made a single payment on the aggregated $505,000.00 principal debt to his lender. Hissey never made a single payment. JPMorgan Chase Bank, NA, ("Chase") owner of the loans and holder of the Notes foreclosed its first lien interest on November 4, 2008. Hissey filed a petition for chapter 7 relief on May 20, 2010. The Court lifted the automatic stay to allow Chase to

evict Hissey from the premises on July 21, 2010 (main bankruptcy docket entry 15). The order was subsequently corrected by Corrected Order Lifting Stay on August 4, 2010 (main bankruptcy docket entry 18).

8. Hissey was granted discharge on August 23, 2010 (main bankruptcy docket entry 20). The chapter 7 proceeding was closed on September 28, 2010 (main bankruptcy docket entry 26). No appeal from the discharge or closure of the case has been instituted by any party to-date.

9. Through a writ of possession issued by the Travis County District Clerk's office, Hissey was evicted from the real property described above on or about September 15, 2010.

### Standard of Review

10. When subject matter jurisdiction is questioned pursuant to Federal Rule of Civil Procedure 12(b)(1), plaintiff then has the burden to prove jurisdiction in order to defeat the motion. "The plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial." *Michigan S. R.R. v. Branch & St. Joseph's Cty. Rail User's Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002).

### Arguments and Authority

11. Bankruptcy courts are courts of limited jurisdiction, whose scope is statutorily defined. *In re Majestic Energy Corp.,* 835 F.2d 87, 89 (5th Cir.1988). Where a federal court lacks jurisdiction, its decisions, opinions, and orders are void. *Id.* A district court has original, but not exclusive, jurisdiction of matters "arising under," "arising in," or "related to" a case under Title 11. 28 U.S.C. § 1334(b). Because section 1334(b) defines jurisdiction conjunctively, a district court has jurisdiction over the subject matter if it is at least related to the underlying bankruptcy. *In re Majestic,* 835 F.2d at 90. A matter is "related to" a case under Title 11 if the outcome could conceivably have any effect on the estate being administered in bankruptcy. *In re Wood,* 825 F.2d

90, 93 (5th Cir.1987).

12. The crux of plaintiff's complaint in effect involves only a potential deficiency claim. That claim would theoretically be for the difference between plaintiff's indebtedness under the Notes he signed and the amount obtained at the foreclosure sale. The holder of that claim for a deficiency is the note holder, Chase and not the Defendant, an alleged officer and director of Chase. Further, since the foreclosure and sale occurred pre-petition, and no judgment declaring the debt non-discharged has been signed by this Court, Hissey's personal liability for any deficiency is presumably discharged as to Hissey. The Court has no subject matter jurisdiction, and Defendant moves that the adversary proceeding be dismissed.

13. In deciding whether to retain jurisdiction over pendent state claims after the dismissal of federal claims, the United States Supreme Court has held that a federal district court must consider four factors: economy, convenience, fairness and comity. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 353, 108 S. Ct. 614, 620-21, 98 L. Ed. 2d 720 (1988). In applying the *Carnegie-Mellon* factors the conclusion that this matter should be dismissed is easily reached. Based on the facts and circumstances in this proceeding and in light of the main case discharge and closing, Defendant asserts that dismissing this adversary proceeding for lack of jurisdiction will pass all discretionary review.

14. Moreover, In the instant case, the court had jurisdiction over matters affecting the debtor's estate while the Chapter 7 case was proceeding. Now that the plaintiff has received his discharge and the case is closed, the court must evaluate the necessity of retaining this adversary proceeding. As a general rule, the closing of a bankruptcy case should result in the dismissal of related proceedings. *Querner v. Querner,* 7 F.3d 1199, 1201 (5th Cir. 1993); *See In re Carraher,*

971 F.2d 327 (9th Cir.1992); *In re Morris,* 950 F.2d 1531 (11th Cir.1992); *In re Smith,* 866 F.2d 576 (3d Cir.1989). The general rule favors dismissal because the court's jurisdiction over the related proceedings depends upon the nexus between the underlying bankruptcy case and the related proceeding. *Smith,* 866 F.2d at 580. For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. *In re Bass,* 171 F.3d 1016, 1022 (5th Cir.1999). In this case, the claims, even if proven, would have no effect upon the administration of a bankruptcy case, as there is no estate. Accordingly, related to jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a) does not attach. This adversary proceeding should be dismissed for lack of jurisdiction.

## PRAYER

For these reasons, Defendant requests that the court dismiss this adversary proceeding for lack of subject matter jurisdiction. Defendant further prays that plaintiff take nothing by his suit and that Defendant granted all other relief to which he is entitled.

Respectfully submitted,

*Codilis & Stawiarski, P.C.*

/s/ Robert L. Negrin
Robert L. Negrin, TBN: 14865550
Mary M. Speidel, TBN: 18908400
Randall B. Clark, TBN: 04294900
650 N. Sam Houston Parkway East, Ste. 450
Houston, Texas 77060
(281) 925-5200 - Phone
(281) 925-5300 – Fax
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct coy of the foregoing will be served on the parties shown below, at the addresses indicated, via first class mail, postage prepaid on November 1, 2010.

                                        /s/ Robert L. Negrin
                                        Robert L. Negrin

*Via First Class Mail*
DAVID PATRICK HISSEY
901 WEST MARY STREET
AUSTIN, TX 78704
**PLAINTIFF, PRO SE**